JUDGE RAKOFF  '08 CIV 3908

Helen F. Dalton & Associates, PC
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RAFAEL H. CAVINAGUA, on his own behalf and
others similarly situated.

                Plaintiff,

-against-                                                                    JURY TRIAL
                                                                             DEMANDED

RORY DOLANS RESTAURANT, BAR & CATERERS,
and RORY DOLANS, an individual,
                Defendants.
-----------------------------------------------------------X



1. Plaintiff, RAFAEL H. CAVINAGUA (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, PC, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, through undersigned counsel, brings this action against RORY DOLANS RESTAURANT, BAR & CATERERS and RORY DOLANS an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiff's employment at the RORY DOLANS RESTAURANT, BAR & CATERERS located at 890 McLean Ave, Yonkers, New York, 10704.

3. Plaintiff was employed by Defendants to work as a dishwasher at the RORY DOLANS RESTAURANT, BAR & CATERERS from approximately September 25th, 1994 until his employment was terminated on December 16th 2006. Although Plaintiff worked approximately sixty-six (66) hours or more per week during the period of September of 1994 through December of 2007,

1

Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. Although Plaintiff was working at RORY DOLANS RESTAURANT, BAR & CATERERS from September 25th, 1994 until December 16th, 2006, Defendants failed to pay Plaintiff minimum wage of $5.15, per hour, for these periods, in accordance with the Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b).

5. Although Plaintiff was working at RORY DOLANS RESTAURANT, BAR & CATERERS approximately the periods of January 1st, 2001 until December 31st, 2001; January 1, 2002 until December 31, 2002; and January 1, 2003 until July 31, 2003; January 1, 2004 until December 31, 2004; January 1, 2005 until December 31, 2005; and January 1, 2006 until December 16, 2006 Defendants failed to pay Plaintiff minimum wages of $5.15, $6.00, and $6.75 per hour, respectively, for these periods, in accordance with the New York Minimum Wage Act, New York Labor Law §652.

6. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff, Rafael H. Caivinagua, resides at 2885 Valentine Ave, Bronx New York 10458, in Bronx County, New York and was employed by Defendants at RORY DOLANS RESTAURANT, in Yonkers, New York from on or about September 25th, 1994 until December 16th, 2006.

12. Upon information and belief, Defendant, RORY DOLANS RESTAURANT, BAR & CATERERS is a corporation organized under the laws of New York with a principal executive office at 890 Mcclean Ave, Yonkers New York 10704.

13. Upon information and belief, Defendant, RORY DOLANS RESTAURANT, BAR & CATERERS is a corporation authorized to do business under the laws of New York.

14. Upon information and belief, Defendant RORY DOLANS, owns and/or operates a store that does business under the name "RORY DOLANS RESTAURANT, BAR & CATERERS" at 890 Mcclean Ave, Yonkers New York 10704

15. Upon information and belief, Defendant RORY DOLANS, is the Chairman of the Board of "RORY DOLANS RESTAURANT, BAR & CATERERS"

16. Upon information and belief, Defendant RORY DOLANS, is the Chief Executive Officer of "RORY DOLANS RESTAURANT, BAR & CATERERS"

17. Upon information and belief, Defendant RORY DOLANS, is an agent of "RORY DOLANS RESTAURANT, BAR & CATERERS"

18. Upon information and belief, Defendant RORY DOLANS, has power over all personnel decisions.

19. Upon information and belief, Defendant RORY DOLANS, has power over all payroll decisions.

20. Defendant RORY DOLANS has the power to hire and fire employees at the "RORY DOLANS RESTAURANT, BAR & CATERERS" establish and pay their wages, set their work schedule, and maintain their employment records.

21. During relevant times, Defendant RORY DOLANS, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

22. Upon information and belief, "RORY DOLANS RESTAURANT, BAR & CATERERS" is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

23. Plaintiff, Rafael H. Caivinagua, was employed by Defendants at the RORY DOLANS RESTAURANT, BAR & CATERERS in Queens, New York, between approximately September 25th, 1994 until December 16th, 2006.

24. During his employment by Defendants at RORY DOLANS RESTAURANT, BAR & CATERERS Plaintiff's primary duties were, washing dishes and performing other miscellaneous duties as directed by supervisors and managers.

25. Defendants usually created work schedule, requiring Plaintiff to work well more than forty (40) hours per week.

26. In fact, the schedule created by Defendants required Plaintiffs to work approximately sixty-six (66) hours or more per week.

27. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

28. Plaintiff, Rafael H. Caivinagua, was employed by Defendants to work between approximately September 25th, 1994 until his employment was terminated on December 16th, 2006. Although Plaintiff worked approximately sixty-six (66) hours or more per week during that period, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of

4

the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

29. Despite the long hours that Plaintiff worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from January of 2001 until December of 2006.

30. At all relevant times, Plaintiff did not receive any tips or bonuses during his employment.

31. At all relevant times, the FLSA, 29 U.S.C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 from January of 2001 until December of 2006.

32. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of $5.15 per hour from January 1st, 2001 until December 31, 2004; $6.00 per hour from January 1, 2005 until December 31, 2005; $6.75 from January 1, 2006 until December 31, 2006 and $7.15 from January 1st, 2007 until December 31st, 2007.

33. To exacerbate the egregious violations committed by the Defendants, Defendants completely failed to pay any wages for the period of three consecutive weeks.

34. Defendants have willfully failed to pay Plaintiff minimum wages for his services and labor, and in so doing have willfully violated the requirements of New York State Minimum Wage laws.

35. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

36. During many or all weeks in which Plaintiff was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

37. Defendants did not pay Plaintiff for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

5

38. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the Laundromat as required by both NYLL and the FLSA

39. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

40. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

41. Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

## FIRST CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

44. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

45. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

46. Defendants willfully failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a).

47. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

48. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
50. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
51. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.
52. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §62.
53. Defendants also failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
54. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to one-quarter of his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

## THIRD CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

7

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
56. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).
57. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
58. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
59. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1)
60. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to their compensation of Plaintiff.
61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b).

### FOURTH CAUSE OF ACTION
**Overtime Wages Under New York Labor Law**

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
64. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the

minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

65. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to one-quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

### FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4.

68. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1).

### PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that judgment be granted:

  a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

  b. Awarding Plaintiff unpaid minimum wages, overtime wages and spread of hours;

  c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

  d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 13th day of July 2007

**Roman Avshalumov (RA 5508)**
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAFAEL H. CAVINAGUA, on his own behalf and
others similarly situated.

       Plaintiff,

  against-

RORY DOLANS RESTAURANT, BAR & CATERERS
and RORY DOLANS, an individual,

       Defendants.

### SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

TO:

RORY DOLANS RESTAURANT, BAR & CATERERS
890 MCLEAN AVE
YONKERS, NEW YORK, 10704

RORY DOLANS
890 MCLEAN AVE
YONKERS, NEW YORK, 10704