Bonnist & Cutro, LLP
800 Westchester Avenue, Suite S-332
Rye Brook, New York 10573
(914) 921-4820
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
RAFAEL H. CAVINAGUA, on his own behalf and
others similarly situated,

                         Plaintiff,                                    08-CIV-3908 (JSR)

                       -against-                                    **ANSWER**

RORY DOLANS RESTAURANT, BAR & CATERERS,
and RORY DOLANS, an individual,

                        Defendants.
-----------------------------------------------------------------X

      JMR Restaurant Corp. d/b/a Rory Dolan's Restaurant (incorrectly sued herein as "Rory Dolans Restaurant, Bar & Caterers") (hereinafter referred to as the "Corporation") and Rory Dolan (incorrectly sued herein as "Rory Dolans"), through their counsel, Bonnist & Cutro, LLP, for their answer to the Complaint, state as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Deny each and every allegation contained in paragraph 2 of the Complaint.

3. Deny each and every allegation contained in paragraph 3 of the Complaint, except admit that plaintiff was employed by the Corporation as part of its kitchen staff and deny knowledge of information or sufficient to form a belief as to his exact dates of employment.

4. Deny each and every allegation contained in paragraphs 4, 5 and 6 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 7, 8, 9 and 10 of the Complaint and respectfully refer all issues of law to this Court for determination.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except admit that plaintiff was employed by the Corporation.

7. Admit the allegations contained in paragraphs 12 and 13 of the Complaint as same relate to JMR Restaurant Corp., incorrectly named herein as Rory Dolans Restaurant, Bar & Caterers.

8. Deny each and every allegation contained in paragraph 14 of the Complaint, except admit that Rory Dolan is a shareholder in the Corporation JMR Restaurant Corp., which does business under the name Rory Dolan's Restaurant and is located at 890 McLean Avenue in Yonkers, New York.

9. Deny each and every allegation contained in paragraphs 15 and 16 of the Complaint.

10. Deny each and every allegation contained in paragraph 17 of the Complaint, except admit that Rory Dolan is an employee of the Corporation, and as such may act in the capacity of an employee of the Corporation.

11. Deny each and every allegation contained in paragraphs 18, 19, 20 and 21 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and respectfully refer all issues of law to this Court for determination.

13. Deny each and every allegation contained in paragraph 23 of the Complaint.

14. Deny each and every allegation contained in paragraph 24 of the Complaint, except admit that the Corporation employed plaintiff as part of its kitchen staff, and plaintiff washed dishes.

15. Deny each and every allegation contained in paragraphs 25, 26, 27, 28 and 29 of the Complaint.

16. Deny each and every allegation contained in paragraph 30 of the Complaint, except admit that plaintiff did not receive any tips during his employment..

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 31 and 32 of the Complaint, and respectfully refer all issues of law to this Court for determination.

18. Deny each and every allegation contained in paragraphs 33 and 34 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and respectfully refer all issues of law to this Court for determination.

20. Deny each and every allegation contained in paragraphs 36, 37, 38, 39, 40 and 41 of the Complaint.

## ANSWERING FIRST CAUSE OF ACTION

21. Defendants repeat and reiterate each and every response to the allegations contained in the preceding paragraphs as same are re-alleged in paragraph 42 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 43, 44 and 45 of the Complaint, and respectfully refer all issues of law to this Court for determination.

23. Deny each and every allegation contained in paragraphs 46, 47 and 48 of the Complaint.

## ANSWERING SECOND CAUSE OF ACTION

24. Defendants repeat and reiterate each and every response to the allegations contained in the preceding paragraphs as same are re-alleged in paragraph 49 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 50 and 51 of the Complaint, and respectfully refer all issues of law to this Court for determination.

26. Deny each and every allegation contained in paragraphs 52, 53 and 54 of the Complaint.

## ANSWERING THIRD CAUSE OF ACTION

27. Defendants repeat and reiterate each and every response to the allegations contained in the preceding paragraphs as same are re-alleged in paragraph 55 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 56, 57 and 58 of the Complaint, and respectfully refer all issues of law to this Court for determination.

29. Deny each and every allegation contained in paragraphs 59, 60 and 61 of the Complaint.

30. Defendants repeat and reiterate each and every response to the allegations contained in the preceding paragraphs as same are re-alleged in paragraph 62 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and respectfully refer all issues of law to this Court for determination.

32. Deny each and every allegation contained in paragraphs 64 and 65 of the Complaint.

## ANSWERING FIFTH CAUSE OF ACTION

33. Defendants repeat and reiterate each and every response to the allegations contained in the preceding paragraphs as same are re-alleged in paragraph 66 of the Complaint.

34. Deny each and every allegation contained in paragraphs 67 and 68 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35. Plaintiff fails to state a cause of action against defendant Rory Dolan, individually, as he is not a proper party to this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations periods.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40. Defendants are not employers under the Fair Labor Standards Act.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

41. Defendants are not employers under the New York Labor Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

42. Plaintiff is not an employee under the Fair Labor Standards Act.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

43. Plaintiff is not an employee under the New York Labor Law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

44. A collective action is not permitted under the present facts.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

45. Plaintiff's hours worked are subject to reduction as a result of meal and break times.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

46. Rory Dolans Restaurant, Bar & Caterers is an improper defendant as no such corporate entity exists.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

47. Rory Dolans is an improper defendant as no such individual was employed by the Company.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

48. Defendant did not willfully commit any alleged violations of the Fair Labor Standards Act or New York Labor Law.

Wherefore, defendants JMR Restaurant Corp. d/b/a Rory Dolan's Restaurant and Rory Dolan, through their counsel, respectfully request that the Complaint be dismissed in its entirety and that the defendants be granted such further relief that this Court deems just and appropriate.

          Respectfully submitted,

          BONNIST & CUTRO, LLP

Dated: Rye Brook, New York    By: _____
      May 27, 2008                Craig M. Bonnist (CB 3245)

          800 Westchester Avenue, Suite S-332
          Rye Brook, New York 10573
          (914) 921-4820
          Attorneys for Defendants

TO:    Roman Avshalumov
      Helen F. Dalton & Associates, PC
      69-12 Austin Street
      Forest Hills, New York 11375
      Attorneys for Plaintiff

**BONNIST & CUTRO, LLP**
800 Westchester Ave., Suite S-332
Rye Brook, New York 10573
(914) 921-4820
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X :
RAFAEL H. CAVINAGUA, on his own behalf and
others similarly situated,                              :     08-CIV-3908 (JSR)
             **Plaintiff,**
                                                        :
     - against -                                     :     **CERTIFICATE OF**
                                                        :     **SERVICE**
RORY DOLANS RESTAURANT, BAR & CATERERS,
and RORY DOLANS, an individual,                         :

             **Defendants.**
------------------------------------------------------------------X

     CRAIG M. BONNIST, an attorney duly admitted to practice before this Court, hereby certifies as follows:

     On May 27, 2008, I served a true copy of the Answer and Rule 7.1 Statement upon:

Roman Avshalumov
Helen F. Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills, New York 11375
Attorneys for Plaintiff

     By depositing a true copy thereof enclosed in a postage-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                          _____
                                          CRAIG M. BONNIST