Helen F. Dalton & Associates, PC
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
RAFAEL H CAIVINAGUA, LUIS CAIVINAGUA
and WILMER REIBAN on their own behalf and
on behalf of others similarly situated
                       Plaintiff,

                **AMENDED**
                **COMPLAINT**

    -against-

                JURY TRIAL
                DEMANDED

JMR RESTAURANT CORP d.b.a.
RORY DOLAN'S RESTAURANT, BAR &
CATERERS and RORY DOLAN, an individual

                08-CIV-3908 (JSR)
                ECF

                     Defendants.
------------------------------------------------------------X

1. Plaintiffs, RAFAEL H CAIVINAGUA, LUIS CAIVINAGUA and WILMER REIBAN (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, PC, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, RAFAEL H CAIVINAGUA, LUIS CAIVINAGUA and WILMER REIBAN through undersigned counsel, brings this action against JMR RESTAURANT CORP d.b.a RORY DOLAN'S RESTAURANT, BAR & CATERERS and RORY DOLAN, an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of

Plaintiffs employment at the JMR Restaurant d.b.a. Rory Dolans Restaurant

3. Plaintiff **RAFAEL H CAIVINAGUA** was employed by Defendants to work at JMR RESTAURANT CORP d.b.a RORY DOLAN'S RESTAURANT, BAR & CATERERS, from approximately September 25th, 1994 until his employment was terminated on or about December 16th, 2006. Although Plaintiff Rafael H. Caivinagua worked approximately sixty six (66) hours or more per week during the period of Septmeber 25th, 1994 through December 16th, 2006 Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. Plaintiff Rafael H Caivinagua was employed by Defendants at JMR RESTAURANT CORP d.b.a RORY DOLAN'S RESTAURANT, BAR & CATERERS from approximately September 25th, 1994 until his employment was terminated on December 16th, 2006, Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act.

5. Although Plaintiff Rafael H Caivinagua worked approximately sixty-six (66) hours or more per week during the period of September 25th, 1994 through December 16th, 2006, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

6. Plaintiff **LUIS CAIVINAGUA** was employed by Defendants to work at JMR RESTAURANT CORP d.b.a RORY DOLAN'S RESTAURANT, BAR & CATERERS, from approximately October 28TH, 1996 until his employment was terminated on or about September 17th, 2005. Although Plaintiff Luis H Caivinagua worked approximately seventy two (72) hours or more per week during the period of October 28th, 1996 through September 17th, 2005 Defendants did not pay Plaintiff time and a half

(1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

7. Plaintiff Luis Caivinagua was employed by Defendants at JMR RESTAURANT CORP d.b.a RORY DOLAN'S RESTAURANT, BAR & CATERERS from approximately October 28th, 1996 until his employment was terminated on September 17th, 2005, Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act

8. Although Plaintiff Luis Caivinagua worked approximately seventy-two (72) hours or more per week during the period of October 28th, 1996 through September 17th, 2005, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

9. Plaintiff **WILMER REIBAN** was employed by Defendants to work at JMR RESTAURANT CORP d.b.a RORY DOLAN'S RESTAURANT, BAR & CATERERS, from approximately November 1st, 1998 until his employment was terminated on or about November 1st, 2006. Although Plaintiff Wilmer Reiban worked approximately sixty six (66) hours or more per week during the period of November 1st, 1998 through November 1st, 2006. Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

10. Plaintiff Wilmer Reiban was employed by Defendants at JMR RESTAURANT CORP d.b.a RORY DOLAN'S RESTAURANT, BAR & CATERERS from approximately November 1st, 1998 until his employment was terminated on November 1st 2006, Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act.

11. Although Plaintiff Wilmer Reiban worked approximately sixty six (66) hours or more per week during the period of November 1st, 1998 through November 1st, 2006, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

12. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

14. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

15. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

16. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

17. Plaintiff, RAFAEL H CAIVINAGUA, resides 2885 Valentine Avenue, Bronx, New York and was employed by Defendants at JMR RESTAURANT CORP d.b.a RORY DOLAN'S RESTAURANT, BAR & CATERERS in New York from on or about September 25th, 1994 until December 16th, 2006.

18. Plaintiff, LUIS CAIVINAGUA, resides 28-75 Valentine Avenue, Bronx, New York and was employed by Defendants at JMR RESTAURANT

CORP d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS in New York from on or about October 28th, 1996 until September 17th, 2005.

19. Plaintiff, WILMER REIBAN, resides 102-05 Strong Avenue, Corona, New York and was employed by Defendants at JMR RESTAURANT CORP d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS in New York from on or about November 1st, 1998 until November 1st, 2006.

20. Upon information and belief, Defendants, JMR RESTAURANT CORP d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS is a corporation organized under the laws of New York with a principal executive office at 890 McLean Avenue, Yonkers, NY 10704.

21. Upon information and belief, Defendants, JMR RESTAURANT CORP d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS is a corporation authorized to do business under the laws of New York.

22. Upon information and belief, Defendant Rory Dolan, owns and/or operates JMR RESTAURANT CORP d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS that does business under the name "JMR RESTAURANT CORP. d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS" at 890 McLean Avenue, Yonkers, NY 10704

23. Upon information and belief, Defendant RORY DOLAN, is the Chairman of the Board of JMR RESTAURANT CORP d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS.

24. Upon information and belief, Defendant RORY DOLAN, is the Chief Executive Officer of JMR RESTAURANT CORP d.b.a RORY DOLAN'S RESTAURANT, BAR & CATERERS.

25. Upon information and belief, Defendant RORY DOLAN, is an agent of JMR RESTAURANT CORP d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS.

26. Upon information and belief, Defendant RORY DOLAN, has power over personnel decisions.

27. Upon information and belief, Defendant RORY DOLAN, has power over payroll decisions.

28. Defendant RORY DOLAN has the power to hire and fire employees at JMR RESTAURANT CORP d.b.a RORY DOLAN'S RESTAURANT, BAR & CATERERS, establish and pay their wages, set their work schedule, and maintains their employment records.

29. During relevant times, Defendant RORY DOLAN, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

30. On information and belief, JMR RESTAURANT CORP d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

31. Plaintiff, RAFAEL H CAIVINAGUA, was employed by Defendants at the JMR RESTAURANT CORP d.b.a RORY DOLAN'S RESTAURANT, BAR & CATERERS in Yonkers, New York, between approximately September 25th, 1994 until December 16th, 2006.

32. During his employment by Defendants at JMR RESTAURANT CORP. d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS Plaintiff's primary duties were to wash dishes, prepare food and cook food and to perform other miscellaneous duties as directed by supervisors and managers.

33. Defendants usually created work schedule, requiring Plaintiff Rafael H Caivinagua to work well more than forty (40) hours per week.

34. Plaintiff, Rafael H Caivinagua was employed by Defendants to work at JMR RESTAURANT CORP. d.b.a. RORY DOLAN'S RESTAURANT,

BAR & CATERERS located at 890 MCLean Avenue, Yonkers, NY 10704. Although Plaintiff worked approximately sixty- six (66) hours or more per week during the period of September 25th, 1994 through December 16th, 2006, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law

35. In fact, the schedule created by Defendants required Plaintiff to work approximately SIXTY SIX (66) hours or more per week.

36. Despite the long hours that Plaintiff Rafael H Caivinagua worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from September 25th, 1994 to December 16th, 2006.

37. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

38. During many or all weeks in which Plaintiff Rafael H Caivinagua was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

39. Defendants did not pay Plaintiff Rafael H Caivinagua for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

40. Plaintiff, LUIS CAIVINAGUA, was employed by Defendants at the JMR RESTAURANT CORP. d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS in Yonkers, New York, between approximately October 28th, 1996 until September 17th, 2005.

41. During his employment by Defendants at JMR RESTAURANT CORP. d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS Plaintiff's primary duties were to wash prepare food and cook food and to perform other miscellaneous duties as directed by supervisors and managers.

7

42. Defendants usually created work schedule, requiring Plaintiff Luis Caivinagua to work well more than forty (40) hours per week.

43. Plaintiff, Luis Caivinagua was employed by Defendants to work at JMR RESTAURANT CORP d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS located at 890 MCLean Avenue, Yonkers, NY 10704 Although Plaintiff worked approximately seventy two (72) hours or more per week during the period of October 28th, 1996 through September 17th, 2005, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

44. In fact, the schedule created by Defendants required Plaintiff to work approximately SEVENTY TWO (72) hours or more per week.

45. Despite the long hours that Plaintiff Luis Caivinagua worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from October 28th, 1996 to September 17th, 2005.

46. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

47. During many or all weeks in which Plaintiff Luis Caivinagua was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

48. Defendants did not pay Plaintiff Luis Caivinagua for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

49. Plaintiff, WILMER REIBAN, was employed by Defendants at the JMR RESTAURANT CORP. d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS in Yonkers, New York, between approximately November 1st, 1998 until November 1st, 2006.

50. During his employment by Defendants at JMR RESTAURANT CORP. d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS Plaintiff's primary duties were to cean up, polish floor and clean restaurant and to perform other miscellaneous duties as directed by supervisors and managers.

51. Defendants usually created work schedule, requiring Plaintiff Wilmer Reiban to work well more than forty (40) hours per week.

52. Plaintiff, Wilmer Reiban was employed by Defendants to work at JMR RESTAURANT CORP. d.b.a. RORY DOLAN'S RESTAURANT, BAR & CATERERS located at 890 MCLean Avenue, Yonkers, NY 10704. Although Plaintiff worked approximately sixty sic (66) hours or more per week during the period of November 1st, 1998 through November 1st, 2006, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

53. In fact, the schedule created by Defendants required Plaintiff to work approximately SIXTY SIX (66) hours or more per week.

54. Despite the long hours that Plaintiff Wilmer Reiban worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from November 1st, 1998 to November 1st, 2006.

55. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

56. During many or all weeks in which Plaintiff Wilmer Reiban was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

57. Defendants did not pay Plaintiff Wilmer Reiban for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the

    minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

58. At all relevant times, the FLSA, 29 U.S.C. §206 has required Defendants to pay Plaintiffs a minimum wage of $5.15 per hour.

59. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiffs minimum wages of between $5.15, $6.00, $6.75, and $7.15 an hour.

60. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA

61. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

62. Defendants willfully violated Plaintiffs rights by failing to pay Plaintiffs an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act

## **FIRST CAUSE OF ACTION**
### Overtime Wages Under The Fair Labor Standards Act

63. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

64. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

65. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

66. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206 (a) and 207(a).

67. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a

half (1.5) times the minimum wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1)

68. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith to comply with the FLSA with respect to their compensation of Plaintiffs.

69. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

70. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

71. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

73. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one-quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## THIRD CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

74. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs

75. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4

76. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1).

### **PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained here in to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b. Awarding Plaintiffs unpaid minimum wages, overtime wages and spread of hours;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 5th day of August 2008,

Roman Avshalumov (RA 5508)
Helen F Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
08-CIV-3908 (JSR)

RAFAEL H CAIVINAGUA, LUIS CAIVINAGUA
and WILMER REIBAN on their own behalf
and on the behalf of others similarly situated

                         Plaintiff,

                         -against-


JMR RESTAURANT CORP, d.b.a
RORY DOLANS RESTAURANT and
RORY DOLAN an individual

                         Defendants

## AMENDED COMPLAINT

               HELEN F. DALTON & ASSOCIATES, P.C.
                   Attorneys for Plaintiff
                   69-12 Austin Street
                   Forest Hills, NY 11375
                   Phone (718) 263-9591
                   Fax (718) 263-9598


TO:

    Craig Bonnist, Esq.
    Bonnist and Cutro LLP
    800 Westchester Ave., Suite S-332
    Rye Brook, New York 10573
    Tel: 914 921 4820